Hatch, J.
The action is to recover for a breach of contract in wrongfully discharging plaintiff before the termination of his term of service contracted" for. The jury found, upon conflicting testimony, that plaintiff was hired for a specified term, and his discharge before the expiration of that term was admitted. Defendant alleged in justification of the discharge that plaintiff had failed and neglected to perform the services contracted for in a proper manner. Defendant specified three particulars in justifica *405 tion. First, that plaintiff had sold a mahogany chair in place of a cherry chair for the same price of the latter, although the former was- worth considerably more. Second, that plaintiff was inattentive to a lady customer. Third, that he contracted to rehabilitate a couch for a much smaller sum than it could be done for, and caused the work to be performed in an unworkmanlike manner, whereby the firm lost a customer. It is upon the last, proposition claimed that the court upon the trial committed error. The substantial facts of the last transaction are undisputed. It appears that Dr. Martin, whether a customer of the firm before or not does not appear, applied to plaintiff to have a couch renovated ; upon examination it was found moth eaten, and the cost of repair was determined to be twenty-five dollars; this price was deemed too much by the doctor, and he declined to pay it; subsequently plaintiff offered to do it for ten dollars, and was given the order. It appeared that in order to properly renovate it it was necessary to remove the moths, which conld only be done by removing the entire covering, and replacing it with new; plaintiff, however, directed it to be fixed up without this removal, and did not improve its condition. When returned, the customer was dissatisfied with it, and concluded his dealing with the firm.
Upon the trial the court grouped the three causes of justification together, and charged the jury that if these facts were found by them to exist, then to find from them whether they were sufficient to warrant defendant in discharging the plaintiff.
It is evident that the theory of the charge was two-fold : Did the facts claimed exist, and if so, were they sufficient to warrant the discharge? Thus the defense in both respects was treated as a question of fact.
At the close of the charge defendant’s counsel asked the court to charge “ That if they believe Dr. Martin took the couch and made an arrangement to have it thoroughly renovated, and the moths taken out properly for $10. and then Mr. Deane instructed the work to be done in such a manner that the contract would not be carried out substantially and thereby caused the loss of Dr. Martin from this firm as a customer, then that would be sufficient in law for his discharge.” The court declined so to charge, and an exception was taken.
It is at once seen that this request presented two different aspects from the charge of the court, one as to the fact and the. other as to the law. As to the first the court, as we have seen, grouped the three causes of justification together, and said, if they found as to them, they might find justification, if they found them sufficient. The request asked the court to charge that if the jury found the specified fact, that would be sufficient. If this one offense was found, as a fact, and it was sufficient to 'justify the discharge, then defendant was entitled to have'it charged distinct from the other two. This the court refused, and as the-three were embraced in the charge as given and this one standing-alone would have been sufficient, we can see that the charge did not present that question in as favorable a light as defendant was entitled to have it; consequently, in this respect the charge as *406 made did not cover the charge requested, and the contention of respondent in that regard cannot be upheld. But the request to «barge differed from the theory of the court as to the law of the case, for it Risked that if the fact was found, not that they were authorized from it to find it sufficient as justification, but to go a step farther and say as matter of law, if it existed, it amounted to a justification. And this, in my judgment, presents the only question on this appeal.
In Harrington v. First Nat. Bk. of Chittenango, 1 T. & C., 363, it was said: “It is not necessary to discuss the proposition that for misconduct or disobedience to lawful orders the plaintiff could be dismissed.” This is undoubtedly true, but what acts constitute misconduct or disobedience might present quite a serious problem, dependént upon many circumstances.
The question presented seems to fall within that denominated “ mixed,” partaking both of law arid fact, and while, in many instances, it would be proper to submiti both questions, first, as to the existence of the fact, and second, as to its effect, to the jury determination, yet, when the facts are undisputed, it will usually present a question of law for the court to determine, being analogous in this regard to questions of negligence. An illustration of the first rule is found in Hand v. Coal Co., 143 Penn. St., 408, and of the latter in Matthews v. Park Bros., 146 Penn. St., 384, where it is said: ‘“What is sufficient reason for dismissal is a question of law for the court.” As applied here, I think defendant was entitled to the charge asked. Plaintiff was employed because of his peculiar skill and knowledge, and for the purpose of building up the particular business of the firm; when, therefore, he undertook to renovate this couch for less than one-half what it could be properly done for, and then directed that it be done in an unfit and unworkmanlike manner, and caused it to be returned in no better condition than when received, it evidenced conclusively a wilful disregard of his instructions, the purpose of his employment, and a lack of interest in the welfare of his employer. Nor do I deem it material whether Dr. Martin was prior thereto a customer of the firm or not; he was a customer for this particular piece of work, and ceased to be after its improper performance. We can very well see that he was quite likely to be dis-~ gusted with the manner in which this work was performed; and to determine upon a bestowal of his patronage elsewhere. It is not necessary that the firm should have suffered an actual loss; it is sufficient if you can fairly see that it may have been damaged by the act, or was likely to be. I am, therefore, of opinion that defendant became entitled to the charge as requested, and that error was committed in its refusal.
The judgment and order appealed from should, therefore, be reversed and a new trial ordered, with costs to abide the event.
White, J., concurs; Titus, Ch. J., not sitting.